**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1370
_____

IN RE: DIET DRUGS (PHENTERMINE/FENFLURAMINE/
DEXFENFLURAMINE)
PRODUCT LIABILITY LITIGATION

Nicholas Napora,
                                                 Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-99-cv-20593, MDL No. 2-16-md-01203)
District Judge:  Honorable Harvey Bartle, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 28, 2014

Before:  SMITH, GARTH and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 29, 2014)

_____

OPINION
_____

PER CURIAM

　　　Nicholas Napora appeals from the order of the District Court denying his claim for

benefits from the AHP Settlement Trust ("Trust").  We will affirm.

Napora is a member of the certified settlement class who seeks benefits under the Diet Drugs Nationwide Class Action Settlement Agreement ("Settlement Agreement"). We have previously discussed the background of this litigation, the relevant terms of the Settlement Agreement and the relevant medical issues at some length, and we need not do so here. See, e.g., In re Diet Drugs, 543 F.3d 179, 181-90 (3d Cir. 2008).

Napora filed his claim with the Trust seeking $590,261 in benefits under Matrix A-1, Level II of the Settlement Agreement. That claim required him to show a reasonable medical basis for concluding that he suffers from, inter alia, mitral regurgitation of at least a moderate level. To that end, he submitted a November 9, 2002 echocardiogram together with a "Green Form" in which Dr. David M. Gonzalez attested that the echocardiogram showed moderate mitral regurgitation.

The Trust referred Napora's claim to an independent auditing cardiologist, Dr. Vincent L. Sorrell. Dr. Sorrell concluded that there was no reasonable medical basis for Dr. Gonzalez's finding of moderate mitral regurgitation and that Dr. Gonzalez had based it on an inaccurate measurement. On that basis, the Trust issued a post-audit determination denying Napora's claim. Napora contested the determination and submitted three additional physician reports. One was a second report from Dr. Gonzalez, who did not address Dr. Sorrell's criticism but who qualified his opinion by stating that Napora's echocardiogram shows "mild to borderline moderate" mitral

2

regurgitation. The two other reports were from Dr. Abdou El-Hendy, who reviewed Napora's November 9 echocardiogram, and Dr. Juan J. Vasquez Bauza, who reviewed a subsequent echocardiogram taken on August 9, 2004. Dr. El-Hendy opined that Napora's November 9 echocardiogram revealed only mild mitral regurgitation, and Dr. Bauza opined that Napora's subsequent echocardiogram revealed only a trace amount. The Trust affirmed the denial of Napora's claim.

Napora contested that determination as well, so the Trust applied to the District Court for an order requiring him to show cause why his claim should be paid. The District Court issued the order and referred the matter to a Special Master, who appointed Dr. Gary J. Vigilante as an independent technical advisor. Dr. Vigilante issued a report agreeing with the Trust that there is no reasonable basis to conclude that Napora suffers from moderate mitral regurgitation. The Special Master then forwarded the record to the District Court for review, along with a declaration that Napora submitted from Dr. Dean G. Karalis. Dr. Karalis too opined that Napora's November 9 echocardiogram revealed "at most mild" regurgitation. The District Court affirmed the Trust's denial of Napora's claim after reviewing this evidence, and Napora appeals.

## II.

We have jurisdiction under 28 U.S.C. § 1291. See In re Diet Drugs, 543 F.3d at 184 n.10. "We review a District Court's exercise of its equitable authority to administer and implement a class action settlement for abuse of discretion." Id. "'[T]o find an

3

abuse of discretion the District Court's decision must rest on 'a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.'" Id. (citation omitted).

In this case, the District Court thoroughly reviewed the record and concluded that Napora has not met his burden to show a reasonable basis for concluding that he suffers from at least moderate mitral regurgitation. See id. at 181. That finding was not clearly erroneous. Indeed, of the six physicians who reviewed Napora's echocardiograms, only Dr. Gonzalez opined that Napora suffers from moderate mitral regurgitation, and even he qualified his opinion on further review by opining that Napora's mitral regurgitation is "mild to borderline moderate."

Napora does not directly challenge the District Court's assessment of the record. Instead, he argues that someone manipulated his echocardiogram (apparently the one taken on November 9) by inserting "jets" and that the reviewing physicians reached the conclusions they did only because of those "fraudulent inserts." Napora further argues that he was unable to rebut these physicians' opinions because his former counsel (on whom he appears to blame the alleged fraud) has not provided him with certain information and because the District Court denied various motions that Napora filed to compel discovery.

As the Trust argues, there is no evidence to support Napora's bald assertions that his echocardiograms were manipulated or that such manipulation tainted the reviewing

4

physicians' conclusions. To the contrary, although an issue regarding manipulated echocardiograms has indeed arisen during the administration of the Settlement Agreement, that issue involved echocardiograms that were manipulated to <u>overstate</u> class members' level of mitral regurgitation and thus to make bad claims appear good, not vice versa. (ECF No. 2110, Pretrial Order No. 5517.)

Nor can we say that the District Court abused its discretion in denying Napora's requests for discovery. As the Trust argues, discovery is prohibited during show cause proceedings by Rule 41 of the Rules for the Audit of Matrix Compensation Claims, which provides that "[n]either the Trust nor the Claimant shall be permitted to conduct any discovery relating to [a show cause] Application." The District Court approved that rule and the other rules governing its review of contested audit determinations in Pretrial Order 2807, entered March 26, 2003. Napora has not challenged the validity of that rule, so we have no occasion to consider whether it is subject to challenge at this stage.

In any event, Napora was fully aware of the basis for the Trust's denial of his claim and had the opportunity, of which he availed himself, to have an additional echocardiogram, have his echocardiograms read by additional physicians, and present those physicians' opinions to the District Court. If there were any basis for concluding that either of Napora's echocardiograms were manipulated, or that the manipulation resulted in an understatement of his level of mitral regurgitation, nothing prevented him from submitting a declaration from one of his reviewing physicians to that effect.

5

Finally, the alleged conduct of Napora's former counsel, on which we express no opinion, does not relieve Napora of his burden of proof or otherwise state a basis for relief on appeal in this civil action.

For these reasons, we will affirm the judgment of the District Court.